UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DERRICK R. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:15-CV-494 TLS |
| | ) | |
| KIM PARKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Derrick R. Woods, a *pro se* prisoner, filed a complaint alleging that he was illegally transported from the Lake County Jail in Indiana to the Cook County Jail in Illinois. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Woods lists five defendants: Corporal Kim Parker, three "[u]n-named Cook County State's Attorney Investigator[s]," and any insurance company that indemnifies any defendant.[1] (Compl. 2, ECF No. 2.) However, an insurance company is not a proper party to this lawsuit. *See*

---

[1] The clerk has eight defendants listed on the docket because Woods used slightly different wording in the caption of his complaint than he did in his list of defendants on page 2. Nevertheless, it is clear that the Kim Parker named in the caption is the same Corporal Kim Parker referenced on page two. It is equally clear that the "Illinois State's Attorney's Office" is not a separate defendant. The defendant named by Woods in the caption is "Three Un-Named Investigators for the Cook County, Illinois State's Attorney's Office." Finally, that is the same as the defendants identified on page two as: "Un-named Cook County State's Attorney Investigator #1," "Un-named Cook County State's Attorney Investigator #2," and "Un-named Cook County State's Attorney Investigator #3."

*Donald v. Liberty Mut. Ins. Co.*, 18 F.3d 474, 480 (7th Cir. 1994) ("He cannot sue the tortfeasor's insurance company directly . . . .").[2] Therefore, the complaint does not state a claim against any insurance company. The unknown defendants must also be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Normally, it would be possible file an amended complaint after the names of unknown defendants were identified, but here, it is too late for that. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). The complaint alleges that the unknown defendants violated his rights on October 15, 2013, and again on November 18, 2013. (Compl. 3-7.) However, Woods did not file his complaint until October 14, 2015 [ECF No. 1]. He did not pay his initial partial filing fee until November 18, 2015 [ECF No. 5]. Thus, by the time the case was ready for review pursuant to 28 U.S.C. § 1915A, the statute of limitations had already expired.[3] "[P]laintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008).

---

[2] A tortfeasor is the wrongdoer – the person who has done the allegedly wrongful act or omission. Black's Law Dictionary 1489 (6th ed. 1990).

[3] *Cf. Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (stating that complaints are ready for screening after the initial partial filing fee is paid), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), *and Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).

Therefore, the only remaining defendant is Corporal Kim Parker. Woods alleges that while he was being held for trial in the Lake County Jail, he was told that he was going to be transported to Cook County in Illinois to face additional criminal charges there. (Compl. 3.) However, rather than following the required procedures for extraditing him, Illinois officials merely came and got him. (Compl. 3–4.) Corporal Kim Parker is alleged to have signed the paperwork permitting his release from the Lake County Jail. (Compl. 4–5.) "[T]o establish a § 1983 claim for monetary relief, including a showing of damages, [the plaintiff] will have to prove that he suffered some deprivation of liberty greater than that which he would have suffered through extradition in full compliance with the UCEA." *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000). To state a claim, Woods must plausibly make such an allegation.

Here, the Illinois judge refused to have Woods held in the Cook County Jail and ordered him returned to Lake County because he had not been properly extradited. (Compl. 5.) Ultimately the Illinois charges were dismissed. (*Id.*) Thus, not being properly extradited did not cause Woods to suffer any deprivation of liberty in the Illinois case. However, Woods argues he suffered a greater deprivation of liberty in the Indiana case because "the pending charges in Illinois . . . were used as an aggravator against me at sentencing." (Compl. 9.) "It is possible that had I been afforded my extradition rights that I may have been able to have the charges dismissed prior to any extradition or my trial and sentencing." (Compl. 10.) However, "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence the § 1983 complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Knowlin*, 207 F.3d at 909 (quotation marks and alterations omitted) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, Woods'

Indiana sentence has not been modified. Rather it was affirmed on appeal. *See Woods v. State*, No. 45A03-1404-CR-124, 2014 WL 5382248 (Ind. Ct. App. Oct. 21, 2014). Thus, because liability in this case would imply the invalidity of his sentence, Woods cannot proceed on his claim against Corporal Kim Parker until his Indiana sentence is reduced as a result of the dismissal of the Illinois case.

Although it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint. . . . [T]hat's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat'l Ass'n*, No. 15-2732, 2016 WL 412839, at *2 (7th Cir. Feb. 3, 2016) (mem.) (internal citations and quotation marks omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024–25 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here because no amendment could overcome the issues identified with this complaint.

For these reasons, the Court:

(1) **DIRECTS** the clerk to edit the docket sheet to terminate the parties Kim Parker, Three Un-Named Investigators, and Illinois State's Attorney's Office as inadvertently listed as defendants;

(2) **DISMISSES WITH PREJUDICE** Any Insurance Company, Un-named Cook County State's Attorney Investigator #1, Un-named Cook County State's Attorney Investigator #2, and Un-named Cook County State's Attorney Investigator #3; and

(3) **DISMISSES WITHOUT PREJUDICE** Corporal Kim Parker.

SO ORDERED on February 17, 2016

                                                 <u>s/ Theresa L. Springmann</u>
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT
                                               FORT WAYNE DIVISION